## JOHNSON v. PETTY et al.

No. 11857—Opinion Filed Nov. 24. 1925.

Withdrawn, Corrected. Refiled and Rehearing Denied June 1, 1926.

### 1. Courts—County Courts—Probate Jurisdiction—Judgments—Collateral Attack.

The county courts of this state are courts of record, and have general jurisdiction in probate matters, and the orders and judgments of such courts, when acting within their jurisdiction, are entitled to the same presumption and the same immunity from collateral attack as courts of general jurisdiction.

### 2. Judgment—Extraneous Fraud in County Court—Vacation by District Court.

The district courts of this state have power and jurisdiction to annul and vacate judgments and orders of the county courts in a proceeding in equity brought for that purpose, for fraud inducing or entering into such judgment or order, where such fraud is extraneous to the issues in the proceedings attacked.

### 3. Same—"Extrinsic Fraud."

Where by means of fraud or perjury, as to the jurisdictional facts, a court is imposed upon and induced to assume jurisdiction where in reality none exists and which never could have been exercised if the truth had been known. such fraud is extrinsic, and the judgment or order so obtained may be annulled and vacated in a proper proceedings in a court of equity.

### 4. Same.

A petition, in an action to set aside a guardian's deed to the property of a minor ward on the ground of fraud practiced upon the county court in procuring letters of guardianship and the order of sale of such property, which clearly and distinctly sets forth the fraud practiced upon the court which induced it to assume jurisdiction where none in reality existed, and which further alleges that the grantee at such guardian's sale and the subsequent grantees had full knowledge of such fraud states a cause of action and it is error to sustain a motion for judgment upon the pleadings leveled against such petition.

(Syllabus by Dickson. C.)

Commissioners' Opinion. Division No. 4.

Error from District Court. Okmulgee County; Mark L. Bozarth, Judge.

Action by Ellis Johnson. a minor, by Richard E. Jenness. his guardian. against George Petty, W. J. Briscoe, John S. Briscoe. and the Gypsy Oil Company. Judgment for defendants. and plaintiff has appealed. Reversed and remanded, with directions.

Lewis C. Lawson and W. T. Banks. for plaintiff in error.

William M. Matthews and William C. Alley. for defendants in error.

Opinion by DICKSON, C. The parties will be referred to as plaintiff and defendants as they were designated in the trial court.

The plaintiff commenced this action in the district court of Okmulgee county through his guardian, Richard E. Jenness, against George Petty, W. J. Briscoe. John S. Briscoe, and Gypsy Oil Company, to set aside certain guardianship proceedings theretofore had in the county court of Okfuskee county. and to set aside certain guardian's deed and other conveyances based thereon.

The essential averments set out in the plaintiff's petition are, that on the 5th day of February, 1908, and at all times prior thereto, the plaintiff was a minor and in the sole care and custody of his mother and grandmother, and lived and resided in Okmulgee county; that the plaintiff is a Creek freedman, and that the lands involved are a part of his allotment as such; that said plaintiff never at any time lived or resided in Okfuskee county; that on the

25th day of January, 1908, one Silas Johnson, the father of the plaintiff, who had long before deserted the plaintiff and his said mother, wrongfully and fraudulently filed in the county court of Okfuskee county his verified petition asking for the appointment of himself as guardian of the person and estate of said plaintiff, and falsely and fraudulently alleged in said petition that he, the said Silas Johnson, was a resident and inhabitant of Okfuskee county, and had the custody, care, and control of this plaintiff in said Okfuskee county; that by means of said petition and false representation made by the said Silas Johnson to the county court of said Okfuskee county, said court was induced to and did appoint the said Silas Johnson guardian of the person and estate of this plaintiff.

The entire proceedings in said county court are attached to and made a part of the petition, from which it appears that upon the filing of said petition the said county court made an order directing that notice to the next of kin and persons having this plaintiff in custody be given by posting notice in three public places in said Okfuskee county.

On the 5th day of February, 1908, the county court of Okfuskee county made an order appointing said Silas Johnson guardian of the person and estate of said plaintiff, said order reciting, inter alia, "That it appearing to the court that due notice of the hearing of said petition on the 5th day of February, 1908, has been given as directed by the court, * * * it is ordered that Silas Johnson be appointed guardian of the person and estate of said Ellis Johnson."

It appears from the petition and exhibits that the county court of Okfuskee county proceeded with the administration of this guardianship matter in all respects upon the theory that the said ward was a resident and inhabitant of said county, and upon a petition thereafter filed, it ordered sold and confirmed a sale of the lands involved in this suit to the defendants W. J. Briscoe and John S. Briscoe, who thereafter conveyed the same to the defendant George Petty, reserving for themselves a one-sixteenth interest in all oil and gas under said lands; that thereafter, the said defendants W. J. Briscoe and John S. Briscoe conveyed their rights under said lease to the Gypsy Oil Company. The petition further alleges that all of these defendants at the time of the guardian's sale and at the times hereafter had full knowledge of the fraud perpetrated upon the court by the said Silas Johnson. The defendants answered this petition denying all of the allegations therein contained, and further alleged that they purchased said land in good faith for value without notice of any of the facts set forth in the petition in this case. The defendants interposed a motion for judgment on the pleadings, which motion was sustained, and plaintiff's petition dismissed at his costs. From this judgment the plaintiff has duly appealed to this court.

The theory of the defendants, which appears to have been adopted by the trial court, is that the proceedings of the county court were regular upon their face, and therefore not subject to collateral attack, and that this suit cannot be maintained as a proceeding in equity for relief against a judgment obtained by fraud, for the reason that the fraud alleged is not extrinsic; that is, that the allegations of the petition for the appointment of a guardian as to the home and domicile of the plaintiff at the time of such appointment were found by the county court to be in Okfuskee county to be true, and that this finding cannot be contradicted.

We agree with the defendants that the county courts of this state, in the exercise of their probate jurisdiction, are courts of record, and that the same presumptions obtain as to their jurisdiction as are indulged in favor of judgments of courts of general jurisdiction. Welch v. Focht, 67 Okla. 275, 171 Pac. 730.

It is further conceded that fraud or false testimony given on the trial of an issue on the part of the prevailing party, by means of which the court is induced to enter a judgment, is not alone sufficient to entitle the injured party to relief in a court of equity. Thigpen v. Deutsch, 66 Okla. 19, 166 Pac. 901.

In this case, however, it is distinctly averred that the plaintiff never at any time lived or had his abode in Okfuskee county; that Silas Johnson procured his appointment as such guardian by falsely and fraudulently representing to the county court of said Okfuskee county that both Silas Johnson and this plaintiff were residents of said Okfuskee county, and that the plaintiff was in the custody and care of said Silas Johnson in said Okfuskee county, and that by means of fraud so perpetrated upon the county court, said Silas Johnson was appointed as such guardian, and that the mother of the plaintiff, in whose custody he was, was not notified of the proceedings for the appointment of such guardian.

False testimony offered by the prevailing party in a proceeding given to establish the

cause of action or defense is not ordinarily sufficient to warrant a court of equity in vacating the judgment or order so obtained, but false representations or false testimony given to establish jurisdiction by which the court is imposed upon and induced to exercise jurisdiction where none exists, present an entirely different situation. In such cases, courts of equity grant relief, not only to prevent a wrong to the injured party, but "to frustate an attempt to make the court an instrument of oppression in aid of a surreptitious sham founded on wrong artifice." Sampson v. Sampson (Mass.) 112 N. E. 84.

In the case of McIntosh v. Holtgrave, 79 Okla. 63, 191 Pac. 739, Pompey McIntosh presented a petition to the county court of Wagoner county, praying for the appointment of himself as guardian of his minor child, a Creek freedman, who, in fact, lived with his mother in Pottawatomie county. Upon the hearing of this petition, it appears that someone appeared and falsely impersonated the mother of the minor, and consented to the appointment of James H. Kennedy as such guardian. The proceedings of the county court recited that Stella McIntosh, the mother of the ward, had been served with notice of the application, and appeared personally in court and consented to said appointment. The minor through his guardian brought suit to set aside said appointment and guardianship proceedings based thereon upon the grounds of fraud. The trial court sustained a demurrer to the petition, and the case was reversed by this court, upon the grounds that the fraud alleged was extrinsic. In the course of the opinion, the court says:

"The petition in the instant case alleged that at the time of filing the petition for appointment of guardian, the minor was two years of age and was under the exclusive care and custody of his mother. Under the statute and allegations of the petition, it was essential that the mother have notice for the court to acquire jurisdiction. For the purpose of the demurrer, the allegations of the petition must be considered as true. The question then presented is, Does the district court have power and jurisdiction in an equity proceeding to set aside and annul the orders and judgment of the county court on account of fraud in inducing or entering into such order or judgment, where the fraud practiced was extrinsic to the issues, and where the court has been imposed upon by such fraud? Such is the holding of this court in the cases of Brown v. Trent, 36 Okla. 239, 128 Pac. 895; Elrod v. Adair, 54 Okla. 207, 153 Pac. 660; Bridges v. Rea, 64 Okla. 115, 166 Pac. 416; Brewer v. Dodson, 60 Okla. 81,

159 Pac. 329; Griffin v. Culp, 68 Okla. 310, 174 Pac. 495; and Baldridge v. Smith, 76 Okla. 36, 184 Pac. 153."

There is no essential difference in the fraud practiced in the McIntosh Case and the case at bar. In this case Silas Johnson fraudulently represented to the county court of Okfuskee county that the minor's home and place of abode was in Okfuskee county. These allegations went to the jurisdiction of the court, and the court was thereby induced to assume jurisdiction when in reality none existed. No notice was served upon the mother of the ward, in whose custody he in fact was, as required by section 1431, C. O. S. 1921, for the reason that the court was led to believe that said child was in the custody of said Silas Johnson and resided in Okfuskee county.

In order to give the court jurisdiction to appoint a guardian, the minor must be an inhabitant or resident of the county in which the appointment is made. C. O. S. 1921, section 1439; In re Taylor's Estate (Cal.) 63 Pac. 345. A notice must be given to the relatives of the minor residing in the county and the persons having the care of such minor, section 1431, supra. Neither of these sections were complied with according to the allegations of the plaintiff's petition, which are taken as true. The jurisdictional facts upon which said appointment could be made did not exist. The defendants contend, however, that the appointment of the guardian raises the presumption that all the facts necessary to authorize the court to make such appointment have been found to exist by the court, but while this is true, it is the peculiar province of a court of equity, when it is shown that the findings of the court as to its jurisdiction are based upon fraud and perjury to grant relief. Caswell v. Caswell (Ill.) 11 N. E. 342; Freeman on Judgment (5th Ed.) section 1234; 15 R. C. L. 705, sec. 157; Davis v. Albritton (Ga.) 56 S. E. 514, 8 L. R. A. (N. S.) 820.

The Gypsy Oil Company having filed a disclaimer of any interest in the subject-matter of this suit, this appeal was dismissed as to said defendant on the 24th day of August, 1924, by this court.

For the reasons stated, the judgment appealed from in favor of the defendants in error George Petty, W. J. Briscoe. and John S. Briscoe, and against the plaintiff in error, is reversed and remanded to the district court of Okmulgee county, with directions to set aside the order and judgment dismissing the plaintiff's petition, and to overrule the motion for judgment on the

pleadings, and to further proceed with the case in conformity with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 15 C. J. pp. 1004, § 418; 1009 § 419; 1010, § 422 (2) 15 C. J. p. 1004, § 418; 34 C. J. pp. 470, 471. § 738; 472, § 739; 473, § 741. (3) 34 C. J. pp. 471, § 738; 476, § 744; annc. 18 L. R. A. 820; 15 R. C. L. p. 706; 3 R. C. L. Supp. p. 487.