## KANSAS CITY SOUTHERN RY. CO. v. EXCISE BOARD OF LEFLORE COUNTY.

No. 24783.  June 5, 1934.

Frank H. Moore, J. B. McDonough, Jos. R. Brown, and A. F. Smith, for plaintiff in error.

A. G. Windham, Co. Atty., and Clyde Followell, Asst. Co. Atty., for defendant in error.

ANDREWS, J. This is an appeal by the protestant, the Kansas City Southern Railway Company, from a judgment of the Court of Tax Review dismissing protests as to certain tax levies made by the excise board of LeFlore county for the fiscal year 1932-1933.

One of the levies protested was a levy for the independent school districts Nos. 2, 29, and 52, in the total sum of $3,484. The protest is based upon the alleged failure of the independent school districts to make and file with the county commissioners a statement of the financial condition and estimate of the needs of the separate schools. Section 12676, O. S. 1931, is cited as authority for the contention. That section is a general statute requiring officers, board or commission of any county, city, township, or school district to file with the county commissioners, on or before the first Monday in July of each year, a financial statement and itemized estimate of its needs for the fiscal year. By section 12677, O. S. 1931, subdivision (a), under "County Appropriations," it is required that the appropriation shall contain, among other appropriations, items "* * * for the separate schools of the county, if any, with amounts for the purchase of buildings in each district, the erection or purchase of buildings in each district, the salaries of teachers, and all other maintenance expense in each district, separately stated. * * *" The financial statement and estimate is required under section 12676, supra, to be made by the county commissioners. The record shows that a written estimate of needs of the independent school districts was furnished the county commissioners; that it was properly itemized by the county commissioners, and that it was filed with the excise board. It is presumed that that part of the county estimate was published along with the other portions thereof, and there is no contention that it was not so published.

The budget required by section 7040, O. S. 1931, to be made by the board of education of independent school districts for the separate schools of the district is not re-

quired to be itemized so as to show the separate amounts required for different purposes. Protest of Downing et al., 164 Okla. 181, 23 P. (2d) 173.

The issue presented by the second ground of the protest is as to an item of $10,779.23 to pay accruals on judgments against the county maturing during the fiscal year. It is contended that judgments against the county are void for failure of the petitions to state a cause of action, and because the board of county commissioners failed to file answers. In support of that contention there are cited the decisions in Faught v. City of Sapulpa, 145 Okla. 164, 292 P. 18; Wood v. Phillips, Trustee, 95 Okla. 255, 219 P. 646, and Protest of Carter Oil Co., 148 Okla. 1, 296 P. 485. There is no contention that the courts rendering the judgments complained of did not have jurisdiction of the parties and the subject-matter. The judgments obtained in the district and justice courts in causes numbered 7469, 7299, 7129, 751, 753, 8101, 8084, 8993, 7508, 8138, 8148, 8140, 770, 773, 7904, and 7826 were obtained upon bills of particulars and petitions filed and service had upon the county. In most of those cases no answer was filed by the county. We know of no rule of law requiring a defendant to file an answer. It was not shown that a full hearing was not had in each case and the claim sued upon proven to be payable out of an estimate duly made for that purpose and within the constitutional and statutory limitations. Most of those suits were upon warrants which showed a prima facie indebtedness against the county. None of the judgments entered in those suits was otherwise questioned or appealed from. See Faught v. City of Sapulpa, supra; In re Protest of St. Louis-S. F. Ry. Co., 157 Okla. 131, 11 P. (2d) 189, and County Excise Board of Creek County v. Gulf Pipe Line Co., 156 Okla. 103, 9 P. (2d) 460.

The third item protested is a levy of $7,511.75 to reimburse the sinking fund for a deficit caused by the purchase of certain judgments against the county with money taken from the sinking fund. It is contended that a county may not prepay a judgment against it, and that if it does so illegally, it cannot thereafter lawfully levy for annual accruals due on such judgments. In support of that contention there is cited State ex rel. Hatfield v. Moreland et al., 152 Okla. 37, 3 P. (2d) 803. The levy complained of is in no way in violation of the holding in State ex rel. Hatfield v. Moreland et al., supra. Section 5913, O. S. 1931, requires,

among other things, that a levy be made each year equal to one-third of the original amount of all outstanding judgments against the municipality, when one-third or more of such judgments remains due and unpaid. When the county uses the sinking fund to buy a judgment against the county, it is still an existing judgment against the county to the extent of requiring a levy of one-third of the amount thereof each year for the purpose of replenishing the sinking fund in compliance with the provisions of section 5919, O. S. 1931.

This court, in City of Shawnee et al. v. City of Tecumseh, 52 Okla. 509, 150 P. 890, held that a treasurer may pay a judgment out of the sinking fund on hand and a levy be made therefor to reimburse the sinking fund as though the judgment had never been paid.

The fourth item of protest concerns the levy for interest on judgments purchased by the county. This feature of the protest has been given due consideration under the third item of protest, and it will not be necessary to consider it further.

The fifth item of protest involves a levy for the sinking fund of the township of Poteau to pay interest on $10,000 of its bond issue now owned by the Poteau township and purchased with its sinking fund. It is contended that when the township bought $10,000 of its $20,000 bond issue with its sinking fund, there was only $10,000 outstanding for which a levy could be made. It is contended that the bonds purchased were canceled and ceased to be an obligation of the township. We cannot agree with that contention. Under the provisions of section 5914, O. S. 1931, it is the duty of the treasurer of a township to invest its sinking fund in either "United States Bonds, the bonds or warrants of the state or any county, city, town, township, school district, or any other municipality thereof." The treasurer has no power to cancel bonds. Neither can it be presumed that in investing the sinking fund in bonds he intended to cancel them. The same section provides for the purchase of bonds for cancellation, "* * * or the proper officers may buy and cancel the outstanding bonds of the state, county, city, town, township, school district, or other municipalities which they represent. * * *" While the treasurer has authority to "invest," only the proper authority of the township may "buy and cancel." No showing was made in the record to bring the cause within the rule stated in Board of Education of City

of Shawnee v. American National Co.. 135 Okla. 253, 275 P. 285.

The sixth item of protest concerns the levy to pay accruals on outstanding judgments for which three levies have previously been made. It is contended that judgments against a municipal subdivision can be paid only as provided in section 5913, O. S. 1931. That question was before this court in Protest of Midland Valley Ry. Co., 167 Okla. 327, 29 P. (2d) 578, and decided contrary to the contention here presented.

The seventh item of protest pertains to an appropriation to pay accruals and interest on two certain judgments against the county. That contention was fully covered in the discussion on the second item of protest and need not be further considered here.

In the last item of the protest it is contended that many of the judgments in question were obtained upon actions on warrants, and that such actions are within the purview of chapter 106, Session Laws of 1925. It is contended that, since the requirements of that act were not complied with, the judgments are void and no appropriation can be legally made to pay same. That identical question was before this court in Excise Board of Creek County v. Gulf Pipe Line Co., supra, and in Protest of St. Louis-S. F. Ry. Co., supra, and in each instance this court held:

"An action based upon warrants issued by a municipal corporation is not an action based upon contract within the meaning of chapter 106, Session Laws 1925."

The judgment of the Court of Tax Review is affirmed.

RILEY, C. J., CULLISON. V. C. J., and SWINDALL, McNEILL, OSBORN, BAYLESS, and BUSBY, JJ., concur. WELCH, J., absent.