STANDISH PIPE LINE CO. et al. v. OKLAHOMA COUNTY EXCISE BOARD.

No. 29732. May 7, 1940.

*102 P. 2d 606.*

246

Mastin Geschwind, of Oklahoma City, for plaintiffs in error.

Lewis Morris, County Atty., B. C. Logsdon, Asst. County Atty., A. L. Jeffrey, Municipal Counselor, and Leon Shipp, Asst. Municipal Counselor, all of Oklahoma City, for defendant in error.

OSBORN, J. This is an appeal from a judgment of the Court of Tax Review denying a tax protest.

By this action protestants, hereinafter referred to as appellants, attack .3291 of a mill of the levy ordered made against property within Oklahoma City, exclusive of homesteads, being that portion of said levy made to reimburse the sinking fund of Oklahoma City for one-third of the principal amount of 288 judgments against the city. These judgments were all rendered by the district court of Oklahoma county in cases brought by various persons for damages arising from the pollution of Deep Fork creek and the North Canadian river by the emptying therein of effluent and other matter from the Oklahoma City sewage disposal plants. At the trial protestants offered in evidence the judgment roll in a case styled T. W. Allen v. City of Oklahoma City. It was stipulated that, "except for differences in courts, parties plaintiff, dates and amounts, involved, the several 288 judgments sought to be liquidated are identical, and pleadings, summons, service of summons, and journal entry of judgment constituting the judgment roll in each of said cases are identical." It appears that the protestants likewise introduced before the Court of Tax Review a stipulation between the parties by which it was stipulated that the judgment should cover all damages sustained by the plaintiff or to his lands by reason of the pollution

of the North Canadian river by sewage of the city of Oklahoma City until June 30, 1945. Appellants' principal proposition is as follows:

"The city could not voluntarily contract to pay out money for damage arising after plaintiff filed his petition and for plaintiff's promise not to sue for damages arising from future torts by the city."

The journal entry of judgment is, in part, as follows:

"Thereupon, both parties announce ready for trial, a jury is waived, and the cause is submitted to the court *upon the pleadings, evidence and testimony in said cause,* in consideration whereof the court finds that each and all of the allegations contained in plaintiff's petition are true. That the plaintiff and the defendant have entered into a stipulation pursuant to a resolution of the city council of the city of Oklahoma City providing that judgment may be entered in said cause in the sum of $552.67, *and the court finds that the plaintiff has been damaged by reason of the acts set forth in plaintiff's petition in the sum of* $552.67, and is entitled to recover of and from the defendant, the city of Oklahoma City, Oklahoma, a municipal corporation, the sum of $552.67, together with the costs of this action, said judgment to bear interest at the rate of six per cent. per annum from this date.

"The court further finds that pursuant to said stipulation, settlement has been made between the parties hereto covering all damages sustained by the plaintiff during the time covered by said suit, and thereafter up to and including the 30th day of June, 1945, with the proviso in said stipulation that if the conditions complained of in plaintiff's petition are not corrected and abated on or before the 30th day of June, 1945, then the plaintiff shall have the right to sue for and recover damages, if any, sustained by said plaintiff for the preceding two years; that said agreement is and shall be binding upon the plaintiff, his heirs, executors and assigns, and upon any person to whom plaintiff shall convey the lands described in his petition, and that said agreement shall attach to and be deemed a covenant running with and against said lands for the period of time therein specified. * * *"

In the case of Sinclair Prairie Pipe Line Co. v. Excise Board of Tulsa County, 173 Okla. 375, 49 P. 2d 114, it was held:

"Where a political subdivision of the state is sued in a court of competent jurisdiction having jurisdiction of the subject matter of the action, and that political subdivision is brought before the court by proper service of summons, or if it files its answer, which, by its terms, contests the claim and in no wise confesses the claim or the facts upon which the claim is based, and the court renders a judgment thereon within its jurisdiction, that judgment unappealed from is binding and conclusive upon the political subdivision of the state and upon the taxpayers thereof, subject only to the right to have the same vacated, set aside, or held for naught in a proper proceeding. Such a judgment may not be collaterally attacked. Faught v. City of Sapulpa, 145 Okla. 164, 292 P. 15."

See, also, In re Protest of St. Louis & S. F. Ry. Co., 157 Okla. 131, 11 P. 2d 189; Kansas City So. Ry. Co. v. Excise Board, 168 Okla. 408, 33 P. 2d 493; County Excise Board v. Gulf Pipe Line Co., 156 Okla. 103, 9 P. 2d 460.

We here point out that the trial court, upon a trial of the cause, found, in consideration of the *pleadings, evidence and testimony in the cause,* that all of the allegations contained in the plaintiff's petition are true, and further found that "plaintiff has *been damaged by reason of the acts set forth in plaintiff's petition in the sum of* $552.67," and proceeded to render judgment for said amount. In view of such finding, the judgment is valid on the face of the judgment roll and is impervious to collateral attack. Other language in the judgment does not change the applicable rule.

The judgment of the Court of Tax Review is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, HURST, DAVISON, and DANNER, JJ., concur. CORN and GIBSON, JJ., absent.