MID-CONTINENT PIPE LINE CO.
et al. v. SEMINOLE COUNTY
EXCISE BOARD.

No. 31348. Feb. 15, 1944.

Rehearing Denied March 28, 1944.

146 P. 2d 996.

Mastin Geschwind, of Oklahoma City, for plaintiffs in error.

Bill Biggers, County Atty., of Wewoka, and J. Berry King and George J. Fagin, both of Oklahoma City, (Cruce, Satterfield & Grigsby, of Oklahoma City, of counsel), for defendant in error.

ARNOLD, J. This is an appeal by the protestants from a judgment of the Court of Tax Review denying their protests as to tax levies for Seminole county in two school districts, consolidated school district No. 2 and joint consolidated school district No. 4.

As to consolidated school district No. 2, the protestants alleged that the tax levy against the property of said district is illegal to the extent of 1.99 mills provided to pay maturing portion of principal and interest on funding bonds dated September 1, 1941, in the total principal sum of $1,755; that said funding bonds were issued pursuant to a judgment of the district court of Seminole county; that the purported indebtedness funded is evidenced by a judgment of the district court of Seminole county which is wholly void because it affirmatively appears on the face of the judgment roll that the court had no jurisdiction to render such judgment because the plaintiff therein failed to allege or prove, and the court failed to find, that any of the claims sued upon were, at the time the services or materials were furnished as claimed, within the unexpended balance of any appropriation made for the specific purpose thereof or were based on purchase orders or contracts which were, at the time of their execution, within the unexpended balance of any appropriation made within the fiscal year for the specific purpose thereof; further, that said judgment is void on the face of the judgment roll because the public records of said school district and county affirmatively show that no appropriation was ever made for the purposes of any of the claims sued upon and the court was without jurisdiction to find that any sum was lawfully due and the purported finding to the contrary was induced by fraud of the district officers.

As to the judgment entered against joint consolidated school district No. 4, the same character of allegations and contentions are made as to invalidity of the judgment.

The protestants contend that a tax levy, to provide money to retire the principal of and to pay the interest on funding bonds, may be successfully protested where such funding bonds are based upon void or partially void judgments though such protest amounts to a collateral attack upon a judgment of a court of competent general jurisdiction if, as in this case, such invalidity is shown on the face of the judgment-roll; that the public records required to be kept showing the financial status of a municipal subdivision are a part of the judgment roll, and that the refusal of the Court of Tax Review to consider such records, which showed the budgets, appropriations, and unexpended balances of all appropriations of the school districts involved, was error. The further contention is made that the contracts sued upon were not alleged to have been certified as required by statute, were not attached to the petitions nor to be found in the record, and the court made no finding that they were introduced or had been certified as required; that the public records disclose that the required certification could not have been made truthfully, and therefore the judgments must have been procured by fraud.

A proceeding before the Court of Tax Review wherein the validity of a judgment of a court of competent jurisdiction is questioned constitutes a collateral attack. It is admitted that the attack herein made is a collateral one.

The contention of protestants that the funding judgments and the bonds issued in conformity with such judgments are void is based solely upon their contention that the money judgments forerunning the funding judgments and issue of the bonds were void. We so treat the issue and confine our determination to the question of whether the money judgments were void.

Ordinarily, a party collaterally attacking a judgment of a court of competent jurisdiction must allege and prove that such judgment is void on the face of the judgment roll. The presumption exists that such court had before it sufficient evidence to authorize judgment, and that facts necessary to confer jurisdiction were proven. Protest of St. Louis-San Francisco Ry. Co., 171 Okla. 180, 42 P. 2d 537; Town of Watonga v. Crane Co., 189 Okla. 184, 114 P. 2d 941. If the court which rendered the judgment had jurisdiction of the person of the defendant, jurisdiction of the subject matter of the action, and jurisdiction to render the particular judgment rendered, its judgment is valid even though the court was mistaken as to the facts, mistaken as to the legal effect thereof, or mistaken as to the law applicable. In such a case the invalidity of a claim against the county does not necessarily make the judgment rendered thereon invalid. See Protest of St. Louis-San Francisco Ry. Co., 166 Okla. 50, 26 P. 2d 212; Protest of Gulf Pipe Line Co. of Oklahoma, 168 Okla. 136, 32 P. 2d 42; In re Protest of St. Louis-San Francisco Ry. Co., 157 Okla. 131, 11 P. 2d 189. Where a political subdivision of the state is sued in a court of competent jurisdiction having jurisdiction of the subject matter of the action, and is brought before the court by proper service of summons and files an answer which contests the claim, and the court renders judgment thereon, usually that judgment, unappealed from, is binding and conclusive upon such political subdivision and upon the taxpayers thereof, subject only to the right to have the same vacated or set aside in a proper proceeding. Such a judgment cannot be collaterally attacked. Standish Pipe Line Co. et al. v. Oklahoma County Excise Board, 187 Okla. 245, 102 P. 2d 606; Sinclair Prairie Pipe Line Co. v. Excise Board of Tulsa Co., 173 Okla. 375, 49 P. 2d 114; Faught v. City of Sapulpa, 145 Okla. 164, 292 P. 15. See, also, Protest of Kansas City Southern Ry. Co., 157 Okla. 246, 11 P. 2d 500.

In the action to obtain the judgment against consolidated school district No.

2 the plaintiff therein set forth six causes of action, and in the action against school district No. 4 the plaintiff set up one cause of action; in each cause of action in both suits it was alleged that at the time the contract was entered into and at the time the goods, wares, and merchandise were sold and delivered or services rendered, there was on hand, duly appropriated, an unexpended amount of money sufficient to pay the claim in full, but that subsequent thereto the funds became exhausted and the claim was disallowed for want of funds. It was further alleged as to each that a certificate of the county clerk of Seminole county, Okla., showing the bonded indebtedness, the legal indebtedness exclusive of the bonded indebtedness, the amount of this claim, and the amount of the appropriation, all as required by chapter 106 of the 1925 Session Laws (62 O. S. 1941 § 362), was attached thereto. Neither the itemized account of the goods sold nor the certificate of the county clerk is attached to the petition now shown in the record.

The defendant school districts answered by way of general denial.

On July 31, 1941, the court after hearing evidence found as to each cause of action that, at the time said contract was made, there was on hand, duly appropriated, an unexpended amount of money with which to pay said claim in full, but that said funds became exhausted; that proof had been made of the bonded indebtedness, the legal indebtedness exclusive of the bonded indebtedness, the amount of this claim and the amount of the appropriation, all as required by chapter 106 of the 1925 Session Laws of the State of Oklahoma, during the fiscal year in which the indebtedness was incurred. It then rendered judgment in the aggregate sum prayed for in the six causes of action set up in the suit against district No. 2, and also entered judgment for the amount asked for in the suit against district No. 4. Interest was allowed on each judgment at the rate of 6%.

62 O. S. 1941 § 362 provides:

"Before final judgment in any suit based on contract shall be rendered against any municipality by any court of any county in the State of Oklahoma, except in proceedings to refund any indebtedness of said municipality, proof shall be made to the court of the existence, character and amount of the outstanding legal indebtedness of said municipality, which proof shall include a statement compiled by the various officers having custody of the records from which the information required in the statement is taken, under oath, showing the following:

"1. An itemized statement of the bonded indebtedness of said municipality.

"2. An itemized statement of the legal indebtedness of said municipality, exclusive of the bonded indebtedness and the alleged indebtedness proposed to be converted into a judgment.

"3. An itemized statement of the indebtedness proposed to be converted into a judgment, so classified as to show, in separate exhibits, all items of questionable legality, if any, and the reasons of said officer or officers therefor;

"(a) The appropriations against which each warrant was drawn or claim accrued if in judgment, and if within the limits and purposes thereof as provided by law;

"(b) The income and revenue provided for the respective years, consisting of taxes levied and the actual collections of 'estimated income'; the total warrants issued against the same or the accumulated accruals as the case may be, and the amount, if any, in excess of the total income and revenue of the year;

"(c) The condition of each fund from which such indebtedness is payable as of the close of the month next preceding the filing of application."

The provisions of section 362, supra, are mandatory and must be complied with. 62 O. S. 1941 § 363. The proof required by section 362, supra, if made, will disclose whether or not there was an unexpended balance in the appropriation for the specific purpose out of which the contract amount could be paid at the time the contract was entered

into. Both judgments involved in this action recite that the proof required by section 362 was properly presented.

It is stoutly contended by protestants that in neither case did the plaintiff allege, or the court find, that the contracts, or either of them, sued upon had been certified by the officer charged with keeping the appropriation and expenditure records as required by 62 O. S. 1941 § 311, the pertinent part of which is:

"County and municipal officers . . . having authority to purchase supplies, material and equipment . . . , shall submit all purchase orders and contracts to the officer charged with keeping the appropriation and expenditure records of the county or municipality who shall, if there be unencumbered balance in the appropriation made for that purpose by the excise board, so certify by signing the purchase order or contract; provided, that no purchase order or contract shall be valid unless within the appropriation as made for that particular and specific purpose and so certified by the officer charged with keeping the appropriation and expenditure records of the county or municipality. . . . "

In this respect they contend that without such certification the contracts were invalid and no liability by reason thereof could attach or be adjudged; that there being no allegation of the required certification and the contract not having been attached to the petition, the invalidity of the contract was patent and no cause of action was stated, and any judgment based thereon was necessarily void; that the judgments are therefore void on the face of the judgment roll and subject to collateral attack.

It must be assumed in a collateral attack that a court of competent general jurisdiction had before it all the necessary facts to empower it to render the judgment rendered. This being true, it must be presumed that the contracts were introduced in evidence and they bore the required certification. Under these presumptions the suits were based upon contracts certified as required by law. See In re Protest Gulf Pipe Line Co., supra, and related cases.

The court in each instance had jurisdiction over the defendant, jurisdiction of the subject matter, and by virtue of the proof presumed to have been made, had the judicial power to render the particular judgment rendered in each case.

The judgment roll consists of the petition, process, return, answer, and judgment; the public records of the county and school districts are no part thereof. The judgments before us are not void on the face of the judgment roll and cannot be collaterally attacked even though the court might have been mistaken as to the facts, mistaken as to the legal effect thereof, or mistaken as to the law applicable.

The protestants assert, however, that in cases involving the public interest the public records, such as the school district budget showing the appropriations for the fiscal year involved and the financial status of the district, are a part of the judgment roll; that such public records definitely show in this case that there was no appropriation for the specific purposes of any of the items sued upon, and considering such public records, both judgments are void on the face of the judgment roll and could only have been procured by fraud. In support thereof they rely principally upon Eaton, County Treas., v. St. Louis-San Francisco Ry. Co., 122 Okla. 143, 251 P. 1032, and Protest of Kansas City Southern Ry. Co., 157 Okla. 246, 11 P. 2d 500.

In the Eaton Case the plaintiff paid a tax, levied to pay the principal and interest on funding bonds, under protest, and then brought suit to recover same, collaterally attacking the funding judgment. The only contention made therein was that by reason of section 26, art. 10, of the Constitution the funding bonds were void because the indebtedness so incurred thereby, together with the existing indebtedness, in the aggregate exceeded 5% of the valuation of the taxable property. The case was tried solely upon the stipulation of the parties which conclusively showed that the constitutional limitation had been ex-

ceeded. Neither the judgment refunded nor the refunding judgment was introduced in evidence or made a part of the record, and such judgments were not before the trial court or this court on appeal. It was contended on appeal that the attack was collateral and the judgment refunding the indebtedness reduced to judgment was not void on the face of the judgment roll. Based on that stipulation it was held that the funding judgment was void on its face because it created an indebtedness beyond the limitation prescribed by section 26, art. 10, of the Constitution.

In the case at bar no contention is made that the funding bond issued created an indebtedness beyond such constitutional limitation. We are now committed to the rule that in such a case as the one at bar, unless the judgment is void on the face of the judgment roll, it cannot be collaterally attacked by resort to public records. The distinction between the Eaton Case and the case at bar is obvious.

In the case of Protest of Kansas City Southern Ry. Co. the holding is apparently predicated on the failure of the parties to allege and the court's failure to find that there was an appropriation for the purpose for which the obligation was created.

In Excise Board of LeFlore County v. Kansas City Southern Ry. Co., 173 Okla. 238, 47 P. 2d 580, the parties failed to allege and the court failed to find that an appropriation was made and that the indebtedness incurred was not in excess of the income and revenue provided for that purpose, or that it was authorized by a vote of the people. As a result it was held therein that the judgment was void on the face of the judgment roll.

The allegations of the petitions and the findings of the court in both judgments involved herein clearly distinguish the case at bar from those cases.

For the reasons hereinbefore stated, it is our opinion that the position of the protestants in this respect is untenable.

The protestants also take the position that such judgments are in any event partially void because in each the court fixed the rate of interest at 6 per cent per annum. They contend that by virtue of 62 O. S. 1941 § 554, the maximum rate of interest chargeable was 5 per cent per annum. Section 554, supra, has reference only to warrants issued but not paid for want of funds. It was not intended nor does it apply to contracts with a municipality. No interest rate having been prescribed in the contracts, the court properly determined that such judgments should bear interest from the date of rendition at the rate of 6 per cent per annum. See 15 O. S. 1941 § 274.

The judgment is affirmed.

CORN, C.J., and OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur. GIBSON, V.C.J., and RILEY and WELCH, JJ., dissent.

———

RILEY, J. (dissenting). It is my firm and fixed opinion that taxes under consideration, levied in Seminole county to pay bonds funding judgments against school districts, are illegal because the judgments funded are, as disclosed by the judgment roll, void.

To sustain funding bonds, this court has held in other decisions that such bonds are simply evidences of existing indebtedness and they do not constitute a new debt. A corollary of that proposition would seem to be that if the judgments are void, the funding bonds based thereon are likewise void.

The judgment rendered against school district No. 2 of Seminole county is void because no cause of action was pleaded against that school district, and this fact is revealed by the judgment roll. Johnson v. Petty et al., 118 Okla. 178, 246 P. 848.

The petition did not allege a certification by the proper officer of the contract or purchase order, as required by law. 62 O. S. 1941 § 311 makes void all purchase orders and contracts not certified by the officer charged with keep-

ing the expenditure and appropriation record of the county; unless the certificate of that officer shows an unencumbered balance in the appropriation made for the specific purpose of liquidating the contract and paying the purchase order, by law the contract or purchase order is void.

Compliance with the law is a prerequisite to a valid judgment in such cases. Section 363, Id.

While the petition in this case alleges that the contract, purchase order, and certificate required by law are attached to the petition, the fact is that no such exhibits are attached to the petition. When a fact is alleged to exist as shown by reference, the reference must be a verity. It is settled law that as to variations between them, an exhibit attached to a pleading governs. Failure to complete a pleading by attachment negatives the fact.

It is true that the judgment funding the purported indebtedness recites in general terms compliance with the requirements of law. But an examination of the judgment roll disputes the recital and thus renders the judgment void upon the face of the court record.

The majority indulge the presumption that the court had before it sufficient evidence to confer jurisdiction and authorize the judgment, but such is not the case, for good and sufficient reasons. To sustain a valid judgment against the sovereign or its municipal subdivision, the judgment roll must show a judgment to be valid. Protest of Kansas City So. Ry. Co., 157 Okla. 246, 11 P. 2d 500:

"Unless the judgment roll shows a judgment to be valid, the judgment is void on its face, and if it is void on its face, it may be attacked in any proceeding, either directly or collaterally."

What does this judgment roll reveal? A dispute, between the judgment and the cause of action attempted to be stated. Does the judgment roll show a valid judgment? It does not. It shows a controversy upon the face of the court record. How is the controversy resolved by the majority? By indulging a presumption of the introduction of evidence to supplant jurisdictional requirements not pleaded.

To dispel the deceptive presumption by the majority indulged, the public records are presented to show the financial and appropriation record of the school district. The public record is the sovereign state's record as much so as the judgment roll is the record of the court, one of the departments of government. Therefore, as against the sovereign, in measuring validity of a judgment, resort may be had to the public record. In business transactions every citizen is charged with knowledge of that record. If a merchant sells to a public officer without knowledge of an appropriation with which to be paid, he does so at his peril.

Long ago, in Eaton, County Treas., v. St. Louis-S. F. Ry. Co., 122 Okla. 143, 251 P. 1032, this court held:

"Where a judgment purports to give validity to a refunding bond issue *in the face of public records,* which show that at the time of such purported judgment and bond issue the outstanding indebtedness already exceeded the constitutional limit, such judgment is void on its face, and such bonds are invalid."

The majority would isolate and distinguish that well-considered case; why is it that resort may be had to the public record in cases where the constitutional debt limit is exceeded, but no such knowledge may be gained when it is charged that the statute has been violated?

Judges should not be blind to that which everyone knows; at least, they should not be blind to that of which everyone is charged with knowledge.

Deception is the mother of presumptions. Indulgence of it is a far cry from the existence of facts not revealed by a judgment roll as required for a valid judgment against the people.

In this case the plaintiff pleaded inconsistently and insufficiently. He pleaded that funds appropriated with

which to liquidate his contract had been exhausted, and then he pleaded generally that the contract was valid, and so enforceable. Having pleaded exhaustion of the funds appropriated, it was obligatory for plaintiff to plead further, so as to state a cause of action by alleging a balance on hand of the appropriated funds at the time when both the contract and purchase order came into being. 62 O. S. 1941 § 362. This plaintiff failed to do. The omission amounts to a fraud upon the people. The Supreme Court of the United States once well said that an illegal exaction from the people in the form of taxes is none the less robbery when it is done under the guise of law.

Fraud is an illusive thing. To detect and stamp it out exertions must be made comparable, almost, to a search at midnight in a dark cellar, for a black cat that is not there, because he got the cream and has gone.

The other judgment against the school district is comparable and kindred to the one discussed. It forms no good basis for bonds funded, for which the taxes are levied.

For these reasons, I respectfully dissent.