### AMERICAN EXCHANGE CORPORATION v. LOWRY et al.

No. 25128. Dec. 15, 1936.

Harry D. Pitchford, for plaintiff in error.

E. W. Smith, for defendants in error.

PER CURIAM. The parties will be referred to as they appeared in the trial court. The plaintiff, American Exchange Corporation, filed its petition in the district court of Okmulgee county, Okla., on April 3, 1933, alleging it was the owner of various sewer special tax warrants of the city of Henryetta, Okla., and thereby praying the issuance of a writ of mandamus directed toward the city treasurer of Henryetta; the purpose of such writ of mandamus being to compel said city treasurer to pay plaintiff the balance alleged to be due on said warrants out of a fund in the hands of said city treasurer known as "sewer district fund." On April 5, 1933, the district court granted the alternative writ of mandamus prayed for in said petition; on April 6, 1933, K. V. Lucas, city treasurer of Henryetta, defendant in said action, filed a pleading which is denominated "answer." The writ of mandamus shows no service or return. On April 7, 1933, the trial court rendered judgment. The court minute (omitting formal recitations) is as follows:

"One witness sworn. Evidence heard. Judgment as per JE."

Journal entry of judgment was filed in said cause on April 7, 1933. After the expiration of the term of court at which the judgment was rendered, more particularly on July 5, 1933, G. W. Lowry, mayor of the city of Henryetta, and W. V. Lowe, the newly elected treasurer of the city of Henryetta, and successor in office to K. V. Lucas, fi'ed their separate motions to vacate the judgment rendered on April 7, 1933, challenging, among other grounds, the jurisdiction of the district court of Okmulgee county, Okla., to render the said judgment in this cause. No summons was issued or served upon the plaintiff, American Exchange Corporation, in connection with the proceeding to vacate said judgment. On September 27, 1933, the district court of Okmulgee county, Okla., sustained the motions to vacate said judgment on the ground that the judgment rendered on April 7, 1933, was void on its face. From the order vacating and setting aside said judgment of April 7, 1933, plaintiff prosecutes this appeal. It is conceded that the term of court at which the judgment was rendered had expired before the motions to vacate were filed. The record

likewise reveals that there was no attempt made to comply with section 558, O. S. 1931 (which provides that a proceeding to vacate a judgment on the grounds enumerated in said subdivisions thereof shall be by, verified petition and after service of summons). The record reflects no "mistake," "neglect," or "omission of the clerk or irregularity in obtaining a judgment or order," as contemplated in subdivision 3 of section 556, O. S. 1931.

This appeal, therefore, presents a single inquiry, namely, Is the judgment rendered herein on April 7, 1933, void on its face? The intricate legal questions involved in the determination of whether a judgment is void or voidable, or in determining whether a court has obtained jurisdiction of either the person or the subject-matter of the action, have been the subject of many opinions of this court and other appellate courts. It is not difficult to determine the statutes of our state and the rules of law applicable to such questions, but the applicability of the various statutes of our state and the rules of law appertaining thereto present difficult and complex legal problems. This court, in decisions too numerous to cite, has defined the applicable rules of law and procedure pertaining to vacating and setting aside judgments.

Counsel for plaintiff proceed herein on the theory that, inasmuch as the term of court at which the judgment was rendered had long since expired, the district court of Okmulgee county, Okla., was without jurisdiction to vacate and set aside the judgment rendered on April 7, 1933, in view of the fact that no summons was issued, nor service had upon the plaintiff in the proceeding to vacate the judgment, and the plaintiff did not make a general appearance in such proceeding. Plaintiff relies on the case of Pennsylvania Co. v. Potter, 108 Okla. 49, 233 P. 700. This last-cited case, like many others of this court, does not state a rule of law applicable, however, to vacating or setting aside judgments which are "void on their face." A judgment rendered by a court which does not have jurisdiction of the subject-matter of the action, or the person of the litigants before it, is "void on its face." In determining whether a judgment is "void on its face" it is necessary to make an examination of the "judgment roll."

This is the extent of the inquiry. The petition, the process, the return, the pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court, make up the "judgment roll," from which it must be determined whether a judgment is void or voidable, or

whether a court has jurisdiction of the subject-matter of the action, or of the person of the parties litigant.

It must be remembered in this case, the defendant is a city official of the city of Henryetta, Okla. He was sued in his official capacity. This is not a suit between natural persons or private corporations. The real party in interest in this lawsuit is the city of Henryetta, Okla. The city of Henryetta is a political subdivision of our state and a municipal corporation. No summons was issued in this case, nor was there any attempt to make service of process by the service of the writ of mandamus. The defendant, K. V. Lucas, as city treasurer of Henryetta, filed in this action, within three days after the filing of the petition and within one day after the filing of the writ of mandamus, a pleading which is denominated "answer." An examination of this unusual document reflects that the defendant, acting in his official capacity, admitted that he was the city treasurer of Henryetta, and as such treasurer had on hand $4,653.40 which was carried on his books as "sewer district fund"; that this money was turned over to him by the former city treasurer, and that he had no possible knowledge from what source said account and funds originated. He admits that plaintiff has in its possession the sewer tax warrants sued on; he alleges that said funds had been carried in sewer district fund for a number of years; that no one other than plaintiff had claimed any part thereof during his tenure of office; he then alleges that he has no other or further interest in said funds than as city treasurer of Henryetta, Okla., and that his principal interest is in seeing that the funds are paid to the proper parties and that the city of Henryetta is fully and completely protected by any order or judgment rendered. This pleading is signed "K. V. Lucas, Attorney for K. V. Lucas, City Treasurer of Henryetta, Oklahoma." The purpose of an answer of a municipality is to deny. A pleading which puts in issue the material allegations of a lawsuit is called an "answer." The pleading filed in this case by K. V. Lucas, city treasurer of Henryetta, did not put in issue a single material allegation of the plaintiff's petition. It operated only as a general appearance and, in that respect, is tantamount to a confession of judgment.

The gist of plaintiff's action was to recover money from the city treasurer of Henryetta on the sewer tax warrants which plaintiff held in its possession. These funds were, at least, quasi public funds, and were raised by special assessment through and by the

administration of a city government of our state. The city treasurer of a municipal corporation of our state has a duty imposed upon him to see that these funds are paid to the proper persons, and in event there be any doubt as to the legality of the payment of such funds, the proper city officials should refuse to make any payments of such funds until directed as to the manner and method of payment, by final order of a court of competent jurisdiction, in a proper proceeding in which such court has acquired jurisdiction of the person of such city officers. A city official does not have the power to voluntarily enter a general appearance in a court proceeding without contesting the claim of the plaintiff therein, and putting in issue every material allegation alleged in plaintiff's petition. A natural person or private corporation has the power to enter a general appearance, waive the issuance of summons, and confess a judgment. Such acts are binding on such litigants, but a city official, when sued in his official capacity, is not acting for himself, but is acting for the municipal corporation, and for the citizens and taxpayers of such municipal corporation. Any voluntary act of such city official concerning court actions must be carefully scrutinized by the court. The only voluntary appearance that can be made in a suit against a political subdivision of state, or against any officers of a political subdivision of state in their official capacity, is by the filing of a pleading which puts in issue and contests the material allegations of the petition. To hold otherwise would open the door of the courts to possible fraud and corruption of public officials, and would subject honest public officials to jeopardy of unscrupulous parties who are always alert to take undue advantage of public officers.

This court, in the case of Wood v. Phillips, 95 Okla. 255, 219 P. 646, said:

"The failure of the board of county commissioners to file proper pleadings and make a defense in good faith against claims in excess of the estimate made and approved for such purposes and in excess of the tax levy for such purposes for such fiscal year, constitutes fraud upon the county and its taxpayers they represent."

In the case of Faught v. City of Sapulpa, 145 Okla. 164, 292 P. 15, this court, in a vigorous opinion, said:

"A political subdivision of the state, when sued without the issuance and service of a summons, may file its answer in the case in defense of its rights, thereby entering its appearance in the cause. When an answer is filed by it, that pleading must be examined to determine whether it is in fact an answer or an attempt on the part of the officers to waive service of summons. If it is the latter, the fact that it is denominated 'answer' is of no avail to give the court jurisdiction. A political subdivision of the state may not waive service of summons in court by an instrument denominated 'answer,' but the instrument must show for itself that it is an answer. * * *

"If the instrument denominated 'answer' does not, upon its face, put in issue the allegations of the petition, it is nothing more than an attempt to waive service of summons in the court, and is void. The purpose of an answer of a municipality is to deny. There is no legal reason for a municipality filing an answer admitting indebtedness or admitting facts from which indebtedness may appear. The constitutional limitations which prohibit a municipality from becoming indebted prohibit a municipality from filing in a court a pleading that admits an indebtedness. It is said that a municipality that owes an indebtedness and that will be liable for the cost will be benefited by entering an appearance and thus reducing the cost. But whether or not that will be a benefit to the municipality, it is not authorized by any statute, and such practice cannot be followed or approved."

Again, our Supreme Court in the case of Murrell v. City of Sapulpa, 148 Okla. 16, 297 P. 241, cited with approval the rule laid down in Faught v. City of Sapulpa, supra.

It can be seen, of course, that the "answer" filed in this case was not, in fact, an answer, but it was no more than a waiver of service of summons and an entry of general appearance. In many respects, it may be considered as a confession of judgment, but it is not necessary for us to decide that particular question here.

If, in such a suit as the instant case, a judgment is rendered without the service of process, or without the filing of an answer which places in issue the material allegations of the petition, by general denial or otherwise, that judgment is void for want of jurisdiction over the person of the defendant (an officer of a political subdivision of state sued in his official capacity), and its invalidity may be asserted at any time in any proceeding.

This court, in the case of Pettis v. Johnston, 78 Okla. 277, 190 P. 681, said:

"A judgment which is void upon its face, and requires only an inspection of the judgment roll to demonstrate its want of validity, is a 'dead limb upon the judicial tree, which may be lopped off at any time'; it can bear no fruit to the plaintiff, but is a constant menace to the defendant, and may be va-

cated by the court rendering it, 'at any time on motion of a party or any person affected thereby,' either before or after the expiration of three years from the rendition of such void judgment. Such motion is unhampered by a limitation of time."

The facts in this case demonstrate conclusively the soundness of the basic rule of law we announce herein. Under this rule, no possible harm can come to a litigant who in good faith files a meritorious suit against a municipality, or other political subdivision of state, or an officer thereof. Such a litigant is not required to rely on any voluntary act of said defendant, but can bring the same into court by the issuance and service of process, which is a simple matter under our procedure. If, however, such a defendant does voluntarily enter its appearance, the only requirement is that such appearance be entered by filing an answer putting in issue the material allegations contained in such a plaintiff's petition. If such litigant's claim is proper, the presumption is the trial court will render judgment for him. If, however, the trial court errs, this court will correct the error on appeal.

We frown with disapproval, however, upon any act on the part of an officer of a political subdivision of state which is tantamount to a voluntary confession of judgment, or which may aid or facilitate such a litigant in procuring a judgment without having the entire matter involved in the suit clearly brought to the attention of the court by having the issues before the court properly joined.

The judgment of the trial court in vacating the original judgment of April 7, 1933, is affirmed.

The Supreme Court acknowledges the aid of Attorneys Charles Hill Johns, M. D. Green, and A. W. Gilliland in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Johns and approved by Mr. Green and Mr. Gilliland, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

#### Supplemental Opinion.

BAYLESS, J. Upon consideration of the above opinion, some question has been raised whether the language appearing on page 434 thereof (63 P. [2d] p. 73), reading as follows:

"No summons was issued in this case, nor was there any attempt to make service of process by the service of the writ of mandamus"

—conflicts with our decision in Board of County Commissioners of McIntosh County v. Kirby, 174 Okla. 20, 49 P. (2d) 746.

In the case just cited we held a summons not to be a prerequisite to a peremptory writ of mandamus because the alternative writ takes the place of the petition and summons in an ordinary action.

The language above quoted from the above opinion should be taken to state merely that no process, either summons or the alternative writ, was served on the city of Henryetta in this case.

We do not know whether a further attempt will be made to try this case when it is returned to the trial court. If the plaintiff should desire to proceed further, the trial court should, in the interest of order and procedure, require the plaintiff to amend its pleadings to make more definite and certain its allegations relating to the sewer district against which the warrants it holds were issued, the statutes governing the same, the origin of the money in the hands of the city treasurer which it seeks to have applied to the satisfaction of its warrants, and the relation of said money to the sewer district against which the warrants it holds were issued. In our opinion, the present petition of the plaintiff is unintelligible in these respects.

OSBORN, V. C. J., and BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur.