## LOWDEN et al. v. STEPHENS COUNTY EXCISE BOARD.

No. 30773.  June 16, 1942.

*126 P. 2d 1023.*

W. R. Bleakmore, W. L. Farmer, and Robert E. Lee, all of Oklahoma City, for plaintiffs in error.

Brown & Cund and Arthur J. Marmaduke, County Atty., all of Duncan, and D. D. Archer and Fred M. Black, both of Oklahoma City, for defendant in error.

WELCH, C. J. The only question presented is whether certain judgments rendered against the school district are void when tested for sufficiency to sustain ad valorem tax levy.

The petition on which the judgment in favor of Lowe & Campbell Athletic Goods, Division of Wilson Sporting Goods Co., was rendered, was filed in the district court of Stephens county on June 27, 1940.  Attached thereto and made a part thereof is an itemized account of the items purchased, together with certain payments theretofore made to plaintiff. This shows purchases made in 1929-30 and -31, and in 1938-39, and the last items appearing as of March 28, 1940. It affirmatively appears therefrom that of the balance of $872.94 for which judgment was sought, $421.34

was balance due for items purchased in 1931 and prior years.

Summons was issued and duly served on June 28, 1940, and on the same day the following answer was signed by the director and clerk and filed:

"Comes now the board of education of the city of Comanche, Stephens county, Oklahoma, the above-named defendant, and for its answer to the petition of plaintiff herein, alleges and states:

" 'That the accounts sued on are correct and just, and the amount sued for is correct.'

"Dated this the 28th day of June, 1940."

On the same date, plaintiff appearing by attorney and the defendant appearing by the members of the board, the court rendered judgment for the full amount as prayed by plaintiff, to wit, $872.94, with interest from date of judgment and costs. In the brief the parties refer to the judgment as having been rendered on a running account against the school district, apparently thereby attempting to avoid the force of the statutes of limitations. Whatever may be the rules in that regard in a suit of another character, they are not so effective here.

It is clearly established by the Constitution, statutes, and prior decisions of this court that each item of purchase of the character here involved must be made within a specific appropriation for the fiscal year in which the purchase is made, and within the income and revenue provided for that fiscal year. Payment of obligations of prior fiscal years cannot be made from funds of a subsequent fiscal year. Certainly the purchases in any one fiscal year must be considered as an entirely separate transaction from those of any other fiscal year.

It is thus apparent that the balance of $421.34 for purchases made in 1931 and prior years is barred by limitations. In Nordman v. School District 43 of Choctaw County, 190 Okla. 135, 121 P. 2d 290, it was held that school district offi-cials could not waive the positive bar of the statutes of limitations. In that case, as here, the bar was apparent upon the face of the petition. There no answer or defense of any kind was made, and judgment was rendered by default. We held the judgment was properly set aside under sections 556 and 563, O. S. 1931, 12 Okla. St. Ann. §§ 1031 and 1038.

In the present case an instrument was filed by the school district officials designated an "answer." Examination of same, quoted supra, discloses that it is nothing more than an acknowledgment of the correctness of the account. Therein nothing is denied; no defense of any character is interposed and the pleading amounts to an effort to confess judgment.

Does such a record render the judgment void on its face? The pleadings unequivocally show that part of the plaintiff's claim is positively barred by limitations; the agents and representatives of the school district as a matter of law cannot waive the bar. We think it must follow that judgment rendered thereon must be regarded as void in this proceeding.

What, then, is the effect of the judgment for the balance of the items purchased during the years 1938-39 and -40, amounting to $451.60? Generally, where a judgment is void in part and valid in part, that part of same which is not void will remain a valid judgment when it is clearly separable from that portion of same which is void. Roth v. Union Nat. Bank, 58 Okla. 604, 160 P. 505.

Further concerning that part of the present judgment which has not hereinbefore been held to be void, we have in mind the general rule that all presumptions are in favor of the validity of judgments of courts of general jurisdiction. Protest of St. Louis & S. F. Ry. Co., 157 Okla. 131, 11 P. 2d 189. Such presumptions, however, have not been allowed to prevail in cases wherein judgments have been taken against subdivisions of the state when the whole

record discloses that there has not been a bona fide trial of the cause and no bona fide defense made, and when a combination of circumstances is shown amounting to collusion, legal fraud, and disregard of law. See Sinclair Pipe Line Co. v. Tulsa County Excise Board, 173 Okla. 375, 49 P. 2d 114; In re Gypsy Oil Co., 141 Okla. 291, 285 P. 67, and other cases of similar effect and conclusion.

This judgment roll discloses the following: Plaintiff's petition is based upon various items of football supplies and equipment sold to the school district; approximately one-half thereof had been sold from seven to nine years prior to bringing of suit. The remaining items were sold to this same school district during the years 1938-39 and -40, amounting to a total of $597.41. Over the period of the last three years of sales the district had made payments thereon as follows:

| July 7, 1939, | $100.00 |
| Nov. 17, 1939, | 6.70 |
| May 16, 1940, | 21.11 |
| Total payments | $127.81 |

Sales during 1938 which were in fact made during the fiscal year 1938-39 were well over $250, and if we are to assume that the $100 payment of July 7, 1939, was from fiscal year fund of 1938-39, we observe that the district failed to pay more than one-half of its 1938-39 fiscal year purchases of plaintiff. Nevertheless plaintiff continued to sell some $300 more up to March 28, 1940, with total payments of only $27.81, all in the face of the fact that the district had failed to pay more than $400 for some purchases made some eight to ten years previously. These circumstances inherently tend to dispute the allegation that the sales were made within unexpended balances of appropriations, for had they been so made, plaintiff would in due course have received warrants drawn against the appropriations in payment. If warrants were not so drawn, such failure can hardly be explained except by the fact that the funds were illegally expended and used for other purposes after they had become charged with plaintiff's claims.

Those circumstances, though not conclusive, argue most strongly toward the conclusion that the parties were not sufficiently concerned with the restrictions of the law in such cases, and were perhaps proceeding upon the theory that suit to obtain judgment would not be resisted.

The petition contained a claim for $421.34 which was positively barred by limitations. Plaintiff definitely was not entitled to judgment therefor as a matter of law.

True, upon filing the petition plaintiff procured the issuance and service of summons. The same was promptly served on the following day and on the same day of service the defendant filed a pleading denying nothing and admitting the correctness of plaintiff's claim, although nearly one-half thereof was barred and subject to successful defense, and on the same day the cause was tried to the court without a jury, and judgment rendered for the full amount claimed, in the face of the obvious bar as to a part thereof.

If it be said that some part of this judgment has validity, or that the judgment roll would be sufficient to support a reformed judgment for a part of plaintiff's claim, that fact could have no bearing in this proceeding. This is a judgment for the sum of $872.94. The journal entry of judgment does not purport to divide this sum into component parts. A levy of one-third thereof in amount with interest is proper and is mandatory unless the judgment roll shows such illegality or invalidity as to justify no levy. The excise board has no authority except to make a levy based on the adjudicated amount of such a judgment, or refuse to make any levy. We are not aware of any authority in that board to decide that only 40 per cent or some given per cent of such a judgment is valid, and make a levy for one-third of such per centum of such a judgment. Obvious difficul-

ties in the final payment and discharge of such a portion of a lump sum judgment would strongly argue that no such authority in the excise board could be recognized, and in those regards we think the authority of the Court of Tax Review is no greater, nor is the authority of this court in this character of proceedings.

We must hold that no levy can be made for or upon this judgment, leaving the judgment creditor to his rights in a proper proceeding to have the judgment reformed to eliminate the illegal portions or upon vacation of this judgment to have a trial and a judgment in proper and legal amount on which a levy can be made.

In respect to the item of protest involving the judgment above discussed, the judgment of the Court of Tax Review is reversed, and the protest is sustained.

With reference to the other judgment, rendered in favor of Hockaday's Sporting Goods Company against the same school district, the petition shows that same was filed April 13, 1940, and after service of summons default judgment was rendered on May 31, 1940, in the sum of $427.81, the full amount prayed for. Attached to that petition is an itemized statement disclosing dates of purchase of merchandise and certain payments made thereon. This shows purchases in the years 1933-34-35-36 and -37, and one small purchase amounting to $23.51 in December, 1938. The statement is indorsed as a true statement of account by the superintendent of schools of the district. It is observed that all purchases save the $23.51 item were made more than two years prior to bringing of suit. True, the school district officials did not file a pleading in the case as in the Lowe & Campbell case, but wholly made default. In all other respects the records in the two cases are similar in material respects. That distinction is not sufficient to lead to different reasoning or conclusion than that as above shown in connection with the Lowe-Campbell case.

The Court of Tax Review sustained this item of protest, and its judgment in that regard is sustained.

CORN, V. C. J., and RILEY, OSBORN, BAYLESS, and GIBSON, JJ., concur. DAVISON, J., concurs in part and dissents in part. HURST and ARNOLD, JJ., absent.

---

DAVISON, J. (concurring in part and dissenting in part). On the basis of stare decisis I concur with the holding of the majority opinion that the portions of the judgments approving indebtedness apparently barred by the statute of limitations are void. I am not entirely satisfied that this holding constitutes an accurate application of the principles of law which govern or should govern the validity of judgments attacked collaterally. But since, as respects judgments against municipalities, there is a decided tendency in many of our prior decisions to lightly regard and loosely apply the rules respecting collateral attack which render judgments against individuals invulnerable when fraught with similar imperfections, and since desirable results are, in most instances, obtained by the above-mentioned modified application of the law, I do not deem it within the scope of my duty to urge in this type of case a strict adherence to the rigid requirements of the law which makes a judgment, even though erroneous, finally decisive of a controversy if the court rendering it had jurisdiction over the parties and the subject matter and its jurisdiction was properly invoked giving it power to render the particular judgment. Protest of Gulf Pipe Line Co., 168 Okla. 136, 32 P. 2d 42.

I believe, however, that there is a limit beyond which even a loose adherence to the rules respecting collateral attack prevents us from going. In my judgment, that limit has been exceeded in this case by that portion of our decision which denies the validity of the judgments insofar as they relate to indebtedness not affected by the statute of limitations.

The basis of our decision is suspicion

aroused by slight attending circumstances. Suspicion of what? That the indebtedness exceeded the debt limit of the school district? The record does not reflect such an excess in either case. In fact, the contrary is expressly found to be true in the Lowe & Campbell Athletic Goods case. Do we suspect the good faith of the court that rendered the judgment which included this finding, or of the attorneys who drew the journal entry? Our belief should be to the contrary, unless positive facts make a presumption of good faith impossible. Do we suspect a plaintiff's claim is bad because the defendant defaulted or did not file the character of pleading we think should have been filed? If so, and if such suspicion renders a judgment void, the best defense in any action is no defense.

Jealous though we may be of the rights of municipalities, we are, in my judgment, transcending the limits of the proper exercise of judicial power when we hold on collateral attack that a judgment based on a debt is bad when there is not an affirmative indication in the record that a successful defense could have been presented and where the court rendering the judgment had jurisdiction of the subject matter, jurisdiction of the person, and possessed the power to render the particular judgment.

When we, on collateral attack, destroy a judgment or portion thereof, merely because it appears erroneous, we go to the very verge of the law; when we destroy the portion of a judgment which does not even appear erroneous, we go beyond the limit.

The suggestion is made that a declaration of the partial invalidity of the judgment is inappropriate in this action because the power to decide such a question should not be lodged in the excise board. It is pointed out that questions relating to tax levies to satisfy judgments are, in the first instance, passed upon by that body. The reasoning upon which this conclusion is based is not sound. If we adopt it, we take an inconsistent position.

We say to the excise board: You have the authority to review this judgment for the purpose of determining whether any portion of it is invalid and it is your duty to pass on any intricate questions of law essential to that determination. But if you decide, as you should have in this case, that a portion of the judgment is illegal, you must then shut your eyes and declare the remainder of the judgment illegal, even though separation of the good from the bad involves merely a matter of mathematical calculation.

In other words, we impose upon the excise board the duty to apply intricate principles of law, but after it has made that application we deny that it is competent to apply simple arithmetic.

There is reason indeed to deny that excise boards should determine the validity of judgments or that courts reviewing their acts should exercise greater power by doing so. This because of the involved questions of law that may arise; but to so hold at this date would require the reversal of many of our decisions.

In my judgment, the power to do the greater includes the lesser. The power to declare an entire judgment void comprehends the power to declare a part thereof void when such declaration is appropriate.

It is recognized law that a severable judgment may be declared invalid in part and valid in part. 31 Am. Jur. 68.

For the reasons stated, I respectfully dissent in part.