**CHOCTAW COUNTY EXCISE BOARD, Plaintiff in Error,**

v.

**ST. LOUIS–SAN FRANCISCO RAILWAY COMPANY, a Corporation, Defendant in Error.**

No. 41922.

Supreme Court of Oklahoma.

July 15, 1969.

546

Phil McColgin, County Atty. of Choctaw County, Lon Kile, Hugo, for plaintiff in error.

E. D. Grinnell, Jr., St. Louis, Mo., Franklin, Harmon & Satterfield, Oklahoma City, for defendant in error.

JACKSON, Justice:

In 1965 the District Court of Choctaw County, Oklahoma, entered judgments in

actions upon contract in five separate cases against Independent School District No. 3, of Choctaw County, and the Excise Board of Choctaw County made a sinking fund levy for the purpose of paying these judgments. Thereafter St. Louis-San Francisco Railway Company, as protestant, filed protest in the Court of Tax Review against Choctaw County Excise Board, as protestee.

The protest against the levy was upon the ground that the judgments entered by the District Court of Choctaw County were void upon the face of the judgment roll solely because they were "default judgments."

The protest was sustained upon the ground that the levy was made for the payment of illegal judgments. Protestee, Choctaw County Excise Board, appeals. The sole issue presented is whether after proper service of Summons a judgment may be entered against a municipal corporation which files no answer and does not appear at the trial. It is admitted that service of summons in each case against the school district was valid, and that the defendant School District in each of those cases filed no answer and made no appearance at the trial.

In the eleventh paragraph of this court's syllabus in Protest of Kansas City Southern Ry. Co., 157 Okl. 246, 11 P.2d 500, we held:

> "* * * (T)his court will scrutinize the judgment roll to determine whether or not the trial court had jurisdiction of the subject-matter of the action, jurisdiction to render the particular judgment rendered, *and jurisdiction over the person of the political subdivision* at the time of the rendition of the judgment, and if the judgment roll shows the absence of any of those jurisdictional requirements, it will hold that the judgment is void on the face of the judgment roll." (Emphasis supplied.)

In Wood v. Phillips, 95 Okl. 255, 219 P. 646, the County Commissioners were presumptively served with summons, filed a general denial, but at the trial each County Commissioner was called as a witness for plaintiff and practically confessed judgment. In a direct appeal from the judgment rendered in favor of plaintiff this court reversed the judgment and held that the failure of the County Commissioners to make a defense in good faith constituted a fraud upon the county and the taxpayers.

In Faught v. City of Sapulpa, 145 Okl. 164, 292 P. 15, we held (Syl. 31) that a political subdivision of the state has no authority to waive the issuance and service of summons, and further held in pertinent part (Syl. 34):

> "If a political subdivision of the state is sued in a court of competent jurisdiction having jurisdiction of the subject-matter of the action, and that political subdivision is brought before the court by proper service of summons, *or* if it files its answer which, by its terms contests the claim and in no wise confesses the claim or the facts upon which the claim is based, and the court renders a judgment thereon within its jurisdiction, that judgment unappealed from, is binding and conclusive upon the political subdivision of the state and upon the taxpayers thereof * * *. Such a judgment may not be collaterally attacked. * * * (Emphasis supplied.)

In American Exchange Corporation v. Lowry, 178 Okl. 433, 63 P.2d 71, we held that a judgment against a political subdivision of the state, rendered without service of process or without an answer which by its terms contests the claim is void for want of jurisdiction of the person of the political subdivision.

We have carefully examined the cases cited by the parties and are unable to determine that any of the cases have held that a judgment may not be entered against a political subdivision of the state where summons is properly issued and served and the judgment roll is sufficient in other respects. A county attorney may

not agree to a judgment against a county. Protest of Kansas City Southern Ry. Co., 157 Okl. 246, 11 P.2d 500. An answer filed by a political subdivision of state government which confesses judgment, or the facts upon which the claim is based, will not withstand a collateral attack. Sinclair Prairie Pipe Line Co. v. Excise Board of Tulsa County, 173 Okl. 375, 49 P.2d 114.

A default judgment has been defined as a judgment rendered in consequence of the non-appearance of the defendant. Black's Law Dictionary. Under this definition a default judgment rendered solely in *consequence of the non-appearance* of a political subdivision of the state would be void. However, a judgment may be entered against a municipality properly summoned after proof as required by statute has been made. 62 O.S.1961, Sections 310.1 and 362. Section 363 of the same title provides that no judgment shall be rendered against a municipality until the provisions of Section 362 have been complied with, and further that any judgment rendered in violation of the provisions of the Act shall be void. Mid-Continent Pipe Line Co. v. Seminole County Excise Board, 194 Okl. 40, 146 P.2d 996.

In the instant case it is not asserted that Plaintiffs' petition in the District Court did not allege statutory grounds for recovery, and the journal entry of judgment in each case shows that the court heard evidence and found that the allegations of plaintiffs' petitions were true. In Mid-Continent Pipe Line Company, supra, we said it must be assumed in a collateral attack that a court of competent general jurisdiction had before it all the necessary facts to empower it to render the judgment rendered.

The judgment rolls in this case do not disclose that the judgments were rendered in consequence of the non-appearance of the defendant, but in consequence of the evidence presented. We conclude that the trial court had jurisdiction over the person of the school district; that it had juris-

diction of the subject-matter of the actions; and jurisdiction to render the judgments rendered.

The judgment of the Court of Tax Review is reversed with instructions to deny the protest and sustain the levy.

IRWIN, C. J., and DAVISON, WILLIAMS, HODGES and LAVENDER, JJ., concur.

BERRY, V. C. J., and BLACKBIRD and McINERNEY, JJ., dissent.

BERRY, Vice Chief Justice (dissenting).

It is my opinion errors disclosed upon the face of the record are fatal to the conclusion stated. The petitions in the present appeals failed to make allegations which satisfied the mandatory requirements of 62 O.S.1961 § 362(2), (3) (b). Excise Board, etc. v. Kansas City Southern Ry. Co., 173 Okl. 238, 47 P.2d 580. And, the judgments involved reflect total failure to comply with requirements of 62 O.S.1961, § 310.1.

It is my view the rule of prior decisions requires municipal officers to file proper pleadings and make good faith defense against claims made and approved for a purpose which exceed the tax levied for such purpose during the fiscal year. The presumption in favor of validity of judgments does not prevail where the record discloses there has not been a bona fide trial of the cause and no bona fide defense made. Lowden v. Stephens County Excise Board, 191 Okl. 5, 126 P.2d 1023; In re Gypsy Oil Co., 141 Okl. 291, 285 P. 67. Public officers can accomplish by nonaction that which formerly was illegal because of ineffective or improper action. Hereafter it will be necessary to resort to mandamus, to compel municipal officers to perform their duty, or be concluded from attacking judgments such as are involved here. I dissent.

I am authorized to state that BLACKBIRD and McINERNEY, JJ., concur in the views herein expressed.