2000 OK CIV APP 3

**GRAVES DAIRY FARM, Petitioner,**

v.

**Lola Marie EVANS, and The Workers'
Compensation Court,
Respondents.**

No. 92,086.

Court of Civil Appeals of Oklahoma,
Division No. 4.

Aug. 17, 1999.

Rehearing Denied Sept. 27, 1999.

Rex Earl Starr, Stilwell, Oklahoma, For Petitioner.

L. Brad Taylor, Gerald K. Donovan, Elias, Hjelm & Taylor, P.C., Tulsa, Oklahoma, For Respondents.

## OPINION

GOODMAN, P.J.

¶ 1 This is a proceeding to review an order of a three-judge panel of the Workers' Compensation Court affirming the trial court's denial of an employer's motion to vacate a default judgment entered against it. Based upon our review of the record and applicable law, we dismiss this proceeding.

I

¶ 2 Claimant Lola Marie Evans filed a Form 3 October 5, 1994, alleging she "suffered serious and permanent injuries by repetitively carrying buckets of feed with right hand" during the course of her employment as a dairy farm worker for Graves Dairy Farm. The claimant alleged she was temporarily and totally disabled and in need of medical treatment.

¶ 3 The employer denied the claim and asserted that "Graves Dairy Farm is not a legal entity; claimant was not an employee and was not covered by the Workers' Compensation Act." The employer alleged that the claimant was excluded from Workers' Compensation Act coverage by 85 O.S.1991, § 2.1(3), which specifically excludes "[a]ny person who is employed in agriculture or horticulture by an employer who had a gross annual payroll in the preceding calendar year of less than One Hundred Thousand Dollars ($100,000.00) cash wages for agricultural or horticultural workers." Pursuant to the claimant's Motion to Compel discovery, the trial court issued an order September 30, 1996, directing the employer to provide financial records and documents to the claimant within 14 days.

¶ 4 At a hearing scheduled January 2, 1997, the employer did not appear, the trial court found the employer had not complied with the discovery order, and assessed sanctions of costs and attorney fees. The court also stated it was reserving "the issue of whether respondent shall be permitted to assert its jurisdiction defense based upon its non-compliance with the Court's order."

¶ 5 In an order filed March 17, 1997, the trial court again ordered the employer to provide the claimant with all requested documentation. The court also stated: "Failure ... to comply with this Order by April 7, 1997 shall result in the entry of a default judgment against [the employer] granting claimant all the relief she has requested herein." The employer did not meet the ordered deadline, but the court did not enter default judgment.

¶ 6 The record reflects numerous correspondences between the parties and the

court. The claimant states that between "May, 1997 and December, 1997, five Pre-hearing Conferences were set and reset while Judge Fulton patiently gave [the employer] every opportunity to comply with all prior orders." The trial court held a pre-hearing conference December 3, 1997, at which time the employer did not appear. In an order filed December 22, 1997, the court declared the employer in default, denied its jurisdictional defense, found the claimant was an employee entitled to benefits under the Act, and awarded her benefits and medical treatment.

¶ 7 The employer timely filed an Application to Vacate Order Awarding Temporary Total Disability Benefits, alleging it had provided the claimant with all available documentation, had been diligently trying to secure other documents from governmental agencies, or had executed releases permitting the claimant access thereto, but was nonetheless asserting the agricultural exemption defense.

¶ 8 The claimant objected, and argued the employer had violated the Act, which states that "[n]o party may file a Motion For New Trial, a Motion For Reconsideration or a Petition for Rehearing before the assigned trial judge." Workers' Compensation Court Rule 31(A), 85 O.S. Supp.1997, ch. 4, app. She further argued that the employer had disregarded mandatory appellate procedures, and therefore the employer's opportunity to appeal the December 22, 1997, order expired 20 days after the order had been mailed to the parties—January 11, 1998. 85 O.S. Supp.1997, §§ 3.4 and 3.6.

¶ 9 The trial court filed an order June 29, 1998, denying the Motion to Vacate based upon extensive findings of fact and conclusions of law. The employer appealed to a three-judge panel, which affirmed. The employer seeks our review.

## II

¶ 10 The employer contends the three-judge panel "committed reversible error in affirming the refusal of the trial court to vacate its order of default ... and thereby affirming the trial court's position" on several matters. As a preliminary matter, however, we must determine whether the trial court was vested with jurisdiction to issue its June 29, 1998, order denying the employer's motion to vacate the default judgment. We find the trial court did not have jurisdiction.

¶ 11 The issue of jurisdiction is fundamental, must be answered, and can be raised at any time. *Hawkins v. Hurst,* 1970 OK 56, 467 P.2d 159. It is the duty of an appellate court to inquire *sua sponte* not only into its own jurisdiction, but also the jurisdiction of the court from which the appeal is taken, regardless of whether it is raised by the litigants.

¶ 12 The Oklahoma Supreme Court stated in *Snyder v. Smith Welding & Fabrication,* 1986 OK 35, ¶ 7, 746 P.2d 168, 170:

"One who is aggrieved by a decision of the trial judge of the Workers' Compensation Court has three available remedies: (a) he can appeal to a three-judge review panel within ten days of the date the order or award is sent; (b) he can file a proceeding for review in the Supreme Court within 20 days after the trial judge's order is sent; or (c) he can, upon notice to the opposite parties and after an adversary hearing, secure vacation of the adverse decision by order *which must be sent to the parties within the 20–day statutory period that runs from the date the decision which is to be set aside has been sent.*" (Footnotes omitted.)

The court noted that the "order denying the claimant's motion for new trial was effected *after* expiration of the 20–day period—the time during which the trial tribunal could have acted with respect to its decision.... The trial judge was hence without jurisdiction to make *any order*" after that time. *Id.,* 1987 OK at ¶ 9, 746 P.2d at 171.

¶ 13 In the matter before us, 20 days after the trial court mailed the December 22, 1997, order to the parties, the trial court lost jurisdiction to act on the employer's Motion to Vacate. Because the employer did not initiate a proceeding for review in the Oklahoma Supreme Court before the expiration of those 20 days, the December 22, 1997, order became final and impervious to

further examination. The trial court did not have jurisdiction to issue the June 29, 1998, order, and the three-judge panel did not have jurisdiction to issue its order of affirmance.

### III

¶ 14 The employer contends the trial court erred as a matter of law, and violated due process, in entering a default order which adjudicated issues beyond the scope of the issues identified in the notice of the prehearing conference. If the alleged acts exceed the trial court's jurisdiction, the order is void, and may be vacated at any time.[1]

¶ 15 It is well-established that the Workers' Compensation Court is a creature of legislative origin with jurisdiction strictly limited to those powers conferred by the Workers' Compensation Act. Workers' Compensation Court Rule 38(F), 85 O.S. Supp. 1997, ch. 4, app., provides:

> Failure to appear at a conference, appearance at a conference substantially unprepared or failure to participate in good faith may result in any of the following sanctions:
>
> 1. the striking of the hearing;
> 2. holding the proceeding in abeyance;
> 3. *an order entered by default;*
> 4. assessment of expenses and fees (either against a party or the attorney individually); or
> 5. such other order as the Court may deem just and appropriate.

¶ 16 A default judgment, by definition, is "a judgment rendered in consequence of the non-appearance of the defendant." *Choctaw Co. Excise Bd. v. St. Louis–S.F. Ry.,* 1969 OK 110, ¶ 9, 456 P.2d 545, 548. The "only issues fixed by the default are those traversable...." *Le Clair v. Calls Him,* 106 Okla. 247, 251, 233 P. 1087, 1091 (1925). "Traversable," in this context, "signifies a denial. Thus, where a defendant denies any material allegation of fact in the plaintiff's declaration, he is said to traverse it...." *Black's Law Dictionary* 1345 (5th ed.1979).

¶ 17 We find that all issues, factual and legal, pending before the court when the employer failed to appear at the scheduled prehearing conference were properly presented to the trial court for its adjudication. Inasmuch as the employer denied all allegations pertaining to the claimant's claim, including employment, we conclude the trial court did not exceed its jurisdiction in rendering the December 22, 1997, default judgment.

¶ 18 A "judgment is not void if extrinsic evidence is necessary to establish its invalidity." *Scoufos v. Fuller,* 1954 OK 363, 280 P.2d 720 (syllabus 2). It is only when it is apparent from the face of the record that a court was without power to make an order that was entered that such an order is void and subject to collateral attack. *Lee v. Tonsor,* 62 Okla. 14, 161 P. 804 (1916). For a judgment to be void on its face it must appear on the face of the judgment roll that the trial court lacked (1) jurisdiction over the parties, (2) jurisdiction over the subject matter, or (3) jurisdiction to render the particular judgment rendered. *Hough v. Hough,* 1989 OK 65, 772 P.2d 920. In *In re Estate of Mouse,* 1993 OK 157, ¶ 7, 864 P.2d 1284, 1286, the Oklahoma Supreme Court stated:

> In order for a judgment to be void, this Court has held that "it must be void on the face of the record and that extrinsic evidence is not admissible to show [the] judgment is void on the face of the record...." A judgment is void on its face if the trial court lacked jurisdiction over the parties, jurisdiction over the subject matter, or jurisdictional power to render the particular judgment. (Citations omitted.)

¶ 19 We find no readily apparent jurisdictional infirmity in the appellate record, and conclude the December 22, 1997, order is not void. Hence, the order is not subject to our review.

### IV

¶ 20 We find the trial court lacked jurisdiction to issue the June 29, 1998, order denying

---

1. The employer admits it received timely notice of the hearing scheduled 9 a.m. December 3, 1997. The record reflects that at 3:20 p.m. on December 2, the employer' counsel sent by facsimile an unsigned, unfiled Motion to Strike from Docket and Continue the matter alleging counsel would be out of the state until after the hearing.

the employer's Motion to Vacate. As a result, the thee-judge panel's affirmance of the default order is *coram non judice.* We also find no violation of the employer's right to due process, or any jurisdictional defect apparent from the face of the appellate record. Thus, the December 22, 1997, default judgment is final and beyond our review authority. We hold this review proceeding must therefore be dismissed.

¶ 21 PROCEEDING DISMISSED.

RAPP, J., and TAYLOR, J., concur.