2006 OK CIV APP 94

Patsy **FAUTHEREE**, individually and as Personal Representative of the Estate of Calvin Fautheree, Deceased, Plaintiff/Appellant,

v.

George J. **McCAFFREY**, individually, Angela Thompson, individually, and McCaffrey & Gibson, P.L.L.C., an Oklahoma Professional Limited Liability Corporation, Defendants/Appellees,

and

Loren F. Gibson, individually, and K. David Roberts, individually, Defendants.

No. 101,051.

Court of Civil Appeals of Oklahoma, Division No. 3.

Aug. 4, 2005.

Rehearing Denied Sept. 2, 2006.

Certiorari Dismissed July 31, 2006.

---

Michael E. Smith, Holloway, Dobson & Bachman, Oklahoma City, OK, for Plaintiff/Appellant.

Jeffrey R. Schoborg, James E. Green, Jr., Conner & Winters, P.C., Tulsa, OK, for Defendants/Appellee George J. McCaffrey and McCaffrey & Gibson, P.L.L.C.

Charles F. Alden, III, Alvin R. Leonard, Hudson, Alden & Leonard, Oklahoma City, OK, for Defendant/Appellee Angela Thompson.

Opinion by KENNETH L. BUETTNER, Chief Judge.

¶ 1 Calvin Fautheree was last exposed to asbestos in the workplace in 1986. He was diagnosed with cancer in January 1998 and died December 7, 1998 from abdominal mesothelioma. His widow, Patsy Fautheree, signed a retainer contract with Defendant McCaffrey and Gibson, P.L.L.C. (Law Firm) the same day, which filed a workers' compensation claim March 29, 1999. That claim was dismissed August 27, 2002 on the ground that Fautheree had failed to request a hearing within three years as required by the Workers' Compensation Act.[1] That order was not

---

1. 85 O.S.2001 § 43(B): When a claim for compensation has been filed with the Administrator as herein provided, unless the claimant shall in good faith request a hearing and final determination thereon within three (3) years from the date of filing thereof or within three (3) years from date of last payment of compensation or wages in lieu thereof, same shall be barred as the basis of any claim for compensation under the Workers' Compensation Act and shall be dismissed by the

appealed. Fautheree thereafter sued Law Firm and the individual lawyers for legal malpractice for having allowed the statute of limitations with respect to the workers' compensation claim to have passed. Defendants/Appellees moved for summary judgment on the ground that Fautheree could not have prevailed, as a matter of law, in the Workers' Compensation Court.[2] The trial court granted the motion. We affirm.

¶2 McCaffrey contracted with an attorney, K. David Roberts, to handle the Fautheree workers' compensation file, who then contracted with Angela Thompson to represent Fautheree in the workers' compensation death claim.

■ ¶3 With respect to appellate review of a grant or denial of summary judgment, "... [a]lthough a trial court in making a decision on whether summary judgment is appropriate considers factual matters, the ultimate decision turns on purely legal determinations, i.e. whether one party is entitled to judgment as a matter of law because there are no material disputed factual questions. Therefore, as the decision involves purely legal determinations, the appellate standard of review of a trial court's grant of summary judgment is *de novo*." *Carmichael v. Beller*, 1996 OK 48, ¶2, 914 P.2d 1051, 1053.

■ ¶4 The record reveals that Fautheree would not have been able, as a matter of law, to carry her burden of proving legal malpractice, despite the inaction of her lawyers. The elements of her cause of action are: (1) existence of an attorney-client relationship; (2) breach of a lawyer's duty to the client; (3) facts constituting the alleged negligence; (4) a causal nexus between the lawyer's negligence and the resulting injury (or damage); and (5) but for the lawyer's conduct, the client would have succeeded in the action. *Manley v. Brown*, 1999 OK 79, ¶8, 989 P.2d 448, 452. In the case at bar, Fautheree's workers' compensation claim, which is

strictly controlled by statute, was required to be filed within two years of exposure to the workplace hazard. 85 O.S.2001 43(A).

¶5 Title 85 O.S. Supp.1986 § 43(A)[3] permits an exception to filing: "... in the case of asbestosis, silicosis or exposure to nuclear radiation causally connected with employment, a claim may be filed within two (2) years of the date of last hazardous exposure or within two (2) years from the date said condition first becomes manifest by a symptom or condition from which one learned in medicine could, with reasonable accuracy, diagnose such specific condition, whichever last occurs."

¶6 Mesothelioma is a cancer of the mesothelium (protective sac around the body's internal organs), usually caused by asbestos exposure, and not symptomatic until years after exposure. Even had the workers' compensation case gone to hearing, the court would have been compelled to find against Fautheree because the claim was not brought within two years of last exposure (1986), and the legislature has not specified an exception for mesothelioma. "It is well-established that the Workers' Compensation Court is a creature of legislative origin with jurisdiction strictly limited to those powers conferred by the Workers' Compensation Act." *Graves Dairy Farm v. Evans*, 2000 OK CIV APP 3, ¶15, 997 P.2d 173, 176. Workers' compensation law is a creature of statute. In this case, the statute of limitations would have furnished a complete defense to Fautheree's claim. The exception to the two year limitation would not have applied because asbestos-related abdominal cancer is not asbestosis, a lung disease related to asbestos inhalation and a disease granted time dispensation. *McDonald v. Time–DC, Inc.*, 1989 OK 76, 773 P.2d 1252. Fautheree requests that we read § 43(A) to include asbestos-related diseases, not solely asbestosis, silicosis or exposure to nuclear radiation. We are not at liberty to expand the list of dis-

---

Court for final adjudication of the right to claim for compensation under the Workers' Compensation Act and shall be dismissed by the Court for want of prosecution, which action shall operate as a final adjudication of the right to claim compensation thereunder.

2. Defendant K. David Roberts was dismissed by Plaintiff November 20, 2003. Defendant Loren Gibson was dismissed March 23, 2004.

3. 85 O.S.2001 § 43(A) has not been amended with respect to the issue at hand.

eases to which the exception applies. As a result, Fautheree could not prove that, but for the lawyer's conduct, she would have succeeded in the workers' compensation claim.

¶7 For the reason stated, we AFFIRM summary judgment in favor of Defendants/Appellees.

HANSEN, J., specially concurs with separate opinion; and JOPLIN, P.J., concurs.

CAROL M. HANSEN, J., specially concurring:

¶1 "Mesothelioma is a rare tumor arising from the mesothelial cells lining the pleura pericardial and peritoneal cavities. The latency period of mesothelioma ranges from twenty to forty years. The disease may be compared to asbestosis, which is a pneumoconiosis produced by inhaling asbestos fibers. It is characterized by bilateral diffuse interstitial fibrosis of the lung parenchyma." *Ganske v. Spahn and Rose Lumber Co.* 580 N.W.2d 812 (Iowa 1998).

¶2 In *Urie v. Thompson,* 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949), a case dealing with asbestosis under the Federal Employers' Liability Act, the United States Supreme Court succinctly stated: If Urie were held barred from prosecuting this action, "(i)t would mean that at some past moment in time, unknown and inherently unknowable, even in retrospect, Urie was charged with knowledge of the slow and tragic disintegration of his lungs; under this view Urie's failure to diagnose within the applicable statute of limitations a disease whose symptoms had not yet obtruded on his consciousness would constitute waiver of his right to compensation at the ultimate day of discovery and disability." That Court did not believe the "humane legislative plan" intended such consequences to attach to blameless ignorance. It held no specific date of contact with the substance could be charged as the date of injury, inasmuch as the injurious consequences of the exposure were the product of a period of time rather than a point of time. *"Consequently the afflicted employee can be held to be 'injured' only when the accumulated effects of the deleterious substance manifests themselves." (Emphasis supplied)*

¶3 Although in my view, Appellees dropped the ball in representing this Claimant, Oklahoma law is clear. Claimant would not have prevailed in her workers' compensation action. The Legislature, in its wisdom, did not include "asbestos related" diseases such as mesothelioma, in providing an exception to the § 43(A) statute of limitations. However ill-advised, the Legislature has spoken. Accordingly, I must concur.